UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH B. QUANSAH, JR.,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW YORK, et al.,<br><br>Defendants. | Case No. 5:17-cv-03549-EJD<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Kenneth B. Quansah, Jr. ("Plaintiff") asserts causes of action for "wrongful revocation" of his drivers' license against the State of New York, Department of Motor Vehicles, and the State of California, Department of Motor Vehicles. As is its obligation, the court has reviewed the Complaint to determine any impediments to federal jurisdiction. See Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013). The court has identified one: Eleventh Amendment immunity. See Florida Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 683 n.18 (1982) (recognizing that "'the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar' that it may be raised at any point of the proceedings"); see also Franchise Tax Bd. v. Jackson (In re Jackson), 184 F.3d 1046, 1048 (9th Cir. 1999) ("Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised . . . by the court sua sponte.").

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U.S. Const. amend XI. This language has been interpreted as a general bar to suits in federal court

Case No.: 5:17-cv-03549-EJD
ORDER TO SHOW CAUSE

1

against a state government by that state's own citizens, by citizens of another state, or by citizens of a foreign state, and bars both federal and pendant state claims. See Montana v. Goldin, 394 F.3d 1189, 1195 (9th Cir. 2005); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 120-21 (1984) (holding that Eleventh Amendment immunity "applies . . . to state-law claims brought into federal court under pendent jurisdiction."). In other words, unless sovereign immunity is clearly and unequivocally waived, the states are generally immune from claims for monetary damages brought in federal court. See Sossamon v. Texas, 563 U.S. 277, 131 S. Ct. 1651, 1658 (2011).

In addition to the state itself, governmental agencies considered arms of the state are also immune from suit in federal court under the Eleventh Amendment. Belanger v. Madera Unified School Dist., 963 F.2d 248, 250 (9th Cir. 1992) ("Although the exact limits of the Eleventh Amendment are difficult to determine, it is clear that the Eleventh Amendment prohibits actions for damages against state agencies when Congress has failed to express a contrary intent.").

As relevant here, it is has been established "[t]he California DMV is a state agency entitled to Eleventh Amendment immunity." Novin v. Fong, No. 5:14-cv-1218-LHK, 2014 WL 6956923, at *7-8 (N.D. Cal. Dec. 8, 2014). The same has also been established for the New York DMV. Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2004) (finding the plaintiff's civil rights claim "clearly barred by the Eleventh Amendment because the [New York] DMV is a state agency"). Thus, because Plaintiff requests only extensive amounts of monetary damages from these two state agencies, and because there is no indication that either state has waived its sovereign immunity, all causes of action asserted in the Complaint are barred by the Eleventh Amendment.

Accordingly, the court hereby issues an order to show cause why this action should not be dismissed for lack of federal jurisdiction. If Plaintiff does not, by **October 6, 2017**, demonstrate good cause in writing why this case should not be dismissed, the court will dismiss the action without prejudice. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) (holding that dismissals for lack of jurisdiction should be without prejudice). No hearing will be held on the order to show cause unless otherwise ordered by the court.

Case No.: 5:17-cv-03549-EJD
ORDER TO SHOW CAUSE

2

In light of this order, the motion hearing scheduled for September 28, 2017, is VACATED and will be reset, if necessary, upon resolution of the issue discussed herein.

**IT IS SO ORDERED.**

Dated: September 25, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-03549-EJD
ORDER TO SHOW CAUSE

3